IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LEE ETTER,           :
    Plaintiff
                                         :

    vs.                      :   CIVIL ACTION NO. 1:CV-00-2147

RICKI J. SHADDAY,            :
BRENDA L. VERNET,
ROBERT J. MULDERIG,          :
MICHAEL RUNDLE,
THE PERRY COUNTY COURT OF    :
COMMON PLEAS OF PENNSYLVANIA,
THE CUMBERLAND COUNTY COURT OF :
COMMON PLEAS OF PENNSYLVANIA,
    Defendants              :

FILED
HARRISBURG, PA

MAR 0 2 2001

MARY E. D'ANDREA, CLERK
PER_____DEPUTY CLERK

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    The pro se plaintiff, Michael Lee Etter, has filed a motion seeking exemption from 28 U.S.C. § 1915(b)(2), which requires a prisoner to make monthly payments on the filing fee if he is proceeding in forma pauperis. He argues that the section should not apply to him because, as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, it was intended to discourage meritless prison litigation, defined by him as litigation over prison conditions or suits against prison officials or employees. He points out that although he filed his civil-rights lawsuit when he was a prisoner, he did not sue over conditions of confinement. Instead, he was suing about execution on a judgment against him for unpaid child support. Additionally,

he did not sue prison officials; he sued his ex-wife and other nonprison-related individuals. In these circumstances, he argues that section 1915(b)(2) should not apply to him, and periodic payments should not be removed from his prison account.

We have no authority to entertain this motion. By order dated December 29, 2000, we dismissed this action for failure to state a claim upon which relief may be granted. As we view the motion, it is an attempt to alter or amend the administrative order of December 19, 2000, which directed the warden to deduct the monthly payment form the Plaintiff's account. As such, under Fed. R. Civ. P. 59(e), and excluding weekends and holidays, it should have been filed, at the latest, within ten days of the entry of the December 29 order.[1]

Even if we could consider the motion it has no merit. We must give section 1915 its plain meaning. See Abdul-Akbar v. McKelvie, ___ F.3d ___, 2001 WL 76277, at *3-4 (3d Cir. 2001)(en banc). In doing so, we must conclude that it applies to the Plaintiff. He was a "prisoner," as defined in subsection 1915(h), who filed a "civil action," see subsection 1915(b)(2), seeking to proceed without full prepayment of the filing fee. Significantly, subsection 1915(b) does not limit itself to suits about prison conditions or suits against prison personnel.

---

[1] Even if we used January 23, 2001, the date of a letter in which the Plaintiff sought the same relief, it would still be untimely.

2

We note that such language does appear in other statutory sections intended to regulate prisoner lawsuits. For example, 28 U.S.C. § 1915A requires a district court, in relevant part, to conduct a review of a prisoner's complaint against "a governmental entity or officer or employee of a governmental entity," subsection 1915A(a), and to dismiss it if it lacks merit. And 42 U.S.C. § 1997e(a) requires a district court to dismiss a prisoner's complaint about "prison conditions" if the prisoner has not exhausted administrative remedies. Thus, if Congress had intended the limitations argued by the Plaintiff, it could have included them in subsection 1915(b).

Even if we go beyond the statutory language and examine Congress's intent in enacting section 1915(b)(2), we would not agree with the Plaintiff's position that it was intended only to deter suits against prison personnel or about prison conditions. The Plaintiff makes this argument in reliance on Madden v. Myers, 102 F.3d 74 (3d Cir. 1996), where the Third Circuit stated, in pertinent part, that "where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, [the prisoner-plaintiff] need not comply with the PLRA." Id. at 77 (brackets added). Madden does not assist the Plaintiff because it does not hold the PLRA was not intended to curtail the lawsuit he filed. Instead, it held that the PLRA did not apply to a petition for a writ of mandamus, characterized by the court of

3

AO 72A
(Rev 8/82)

appeals as not being a civil action. Here, of course, the Plaintiff did file a civil action.

The Plaintiff's position would be correct only if the literal application of the statute would "produce a result demonstrably at odds with the intention of its drafters." Abdul-Akbar, supra, 2001 WL 76277, at *3 (quoted case omitted). That would not happen. Prisoners can engage in recreational civil-rights litigation against private individuals about nonprison matters as well as against prison personnel about prison conditions (although we do not believe that was the Plaintiff's intent here).

Accordingly, this 2nd day of March, 2001, it is ordered that the Plaintiff's "motion for exemption" (doc. 13) from paying periodic fees under 28 U.S.C. § 1915(b)(2) is denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

4

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

March 2, 2001

Re:  1:00-cv-02147    Etter v. Shadday

True and correct copies of the attached were mailed by the clerk to the following:

```
Michael L. Etter
SCI-ALBION
AT1195
10745 Rt. 18
Albion, PA  16475-0001
```

```
cc:
Judge                              (✓)              ( ) Pro Se Law Clerk
Magistrate Judge                   ( )              ( ) INS
U.S. Marshal                       ( )              ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to:  US Atty Gen  ( )    PA Atty Gen ( )
                                             DA of County ( )    Respondents ( )
Bankruptcy Court                   ( )
Other_____         ( )
```

MARY E. D'ANDREA, Clerk

DATE:  3/2/01

BY: /s/
Deputy Clerk